# Exhibit A



# Notice of Service of Process

null / ALL
**Transmittal Number: 20860383**
Date Processed: 12/19/2019

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Hower Shen and Elizabeth Shen vs. Nationwide General Insurance Company |
| **Matter Name/ID:** | Hower Shen and Elizabeth Shen vs. Nationwide General Insurance Company (9866370) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201988296 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/19/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Crowell & Kucera PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO.  201988296

RECEIPT NO.                                       75.00         CTM
*********                                         TR # 73705579

| | |
|---|---|
| PLAINTIFF: SHEN, HOWER<br>vs.<br>DEFENDANT: NATIONWIDE GENERAL INSURANCE COMPANY | In The   55th<br>Judicial District Court<br>of Harris County, Texas<br>55TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE GENERAL INSURANCE COMPANY BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY

   211  E 7TH SUITE 620   AUSTIN  TX   78701

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>13th day of December, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 16th day of December, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
CROWELL, BENJAMIN ROBERT
2028  E BEN WHITE BLVD STE.240-2015
AUSTIN, TX  78741
Tel: (512) 870-7099
Bar No.: 24087360

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HERRERA, ALIZE M  H3K//11401301

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____

(a)ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
  (2) TRCP, upon the Defendant as evidenced by the
      return receipt incorporated herein and attached
      hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                    *73705579*

12/13/2019 7:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39256005
By: Alize Herrera
Filed: 12/13/2019 7:47 PM

**2019-88296 / Court: 055**

CAUSE NO._____

| | | |
|---|---|---|
| HOWER SHEN AND ELIZABETH SHEN | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| NATIONWIDE GENERAL INSURANCE COMPANY | § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes HOWER SHEN AND ELIZABETH SHEN ("Plaintiffs"), who file Plaintiffs' Original Petition against NATIONWIDE GENERAL INSURANCE COMPANY ("NATIONWIDE"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs are individuals who reside in Texas.

NATIONWIDE is in the business of insurance in the State of Texas. The insurance business done by NATIONWIDE in Texas includes, but is not limited to, the following: The making and issuing of contracts of insurance; The taking or receiving of an application for insurance, including Plaintiffs' application for insurance; The receiving or collection of premiums,

1

commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof; and the issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiffs.

NATIONWIDE may be served by Certified Mail Return Receipt Requested upon Corporation Service Company, 211 E 7th St. Ste. 620, Austin, TX 78701.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the property which is the subject of this suit is located in Harris County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiffs purchased a policy of insurance from NATIONWIDE and specifically bought a replacement-cost policy just in case this sort of loss happened. The policy was in full force and effect on or around the date of loss in question when a wind and hail storm passed through Fort Bend County. The Plaintiffs' residence received significant hail and wind damage as a result. The roof immediately began leaking and the insureds knew something catastrophic must be wrong with the structural integrity of their home as a result of the storm.

A claim was reported to NATIONWIDE under Policy No. 7842H0644422 and Claim No. 862520-GF was assigned to Plaintiffs. NATIONWIDE and their agents/representatives were indisputably obligated to adjust any claim made against that policy in accordance with the Texas Insurance Code. Chief among these duties, they were obligated to:

- To not misrepresent material facts relating to coverage at issue (§ 541.060(a)(1));

- To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2));

- To promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3)); and

- To not refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7)).

When Plaintiffs made their claim under the policy, it was requested that NATIONWIDE provide insurance benefits for the roof, the corresponding roof components and fixtures, the interior damage to multiple rooms, and any associated cost Plaintiff was reasonably likely to incur (such as a general contractor's overhead and profit (O&P)) for repairing these items.

It is clear from even the most basic of reviews of this claim, Nationwide agrees they owe their insureds a lot more money. However, they've hid behind disinformation and misrepresentations generally to intentionally delay the full and proper payment of this claim. For example, after our office got involved in this matter Ms. McKinley claimed Nationwide had yet to receive documentation regarding personal property losses the insureds had sustained. In fact, they had received the documentation already.

Further, Nationwide, despite being made aware of hired counsel representing their insureds, have made almost no attempt to reach out to counsel and make the proper payments to fully and finally resolve this claim. As a result, despite Nationwide agreeing they owe more money on this claim, they have yet to make the proper payments.

As even another example of their intentional delay in handling this claim, Nationwide requested a proof of loss from their insureds. Their insureds filled out and sent back said proof of loss and Nationwide then rejected it. Their insureds have jumped through

Even though the damage was apparent at the time of NATIONWIDE's inspection,

NATIONWIDE still refused to recognize the extent of the covered damage. Not only did NATIONWIDE refuse to acknowledge the scope of the covered damage, NATIONWIDE failed to provide facts as it relates to the policy for how and why these damages were not covered. NATIONWIDE instead merely glossed over these damages thereby violating its duties under the Texas Insurance Code. Texas. Ins. Code § 541.060(a)(3). Moreover, this is a violation of the statutory and common law duty to deal in good faith because NATIONWIDE and its agents knew or should have know that it was reasonably clear the claim was covered.

Simply put, even though NATIONWIDE's liability under the policy was reasonably clear, NATIONWIDE refused to effectuate a prompt, fair, and equitable settlement with the Plaintiffs. NATIONWIDE also failed to provide a reasonable explanation under the terms of the policy as to why the wind damages and hail damages were not being paid for. To date, NATIONWIDE continues to delay payment for the damages to the Property.

NATIONWIDE found no issues with the overall condition of the property or roof when they did their pre-Policy due diligence, but, as soon as their insureds filed a hail claim, the property was very badly damaged but it was done so from a previous date of loss. NATIONWIDE's conduct in this regard was misleading, it was deceptive, it is willful and they should be held accountable.

Further, NATIONWIDE's failure to perform its contractual duty to pay for all direct physical loss to the Plaintiffs' property under the terms of their Policy is a breach of contract. Specifically, NATIONWIDE refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. NATIONWIDE's conduct has caused

damages to Plaintiffs within the jurisdiction of this Court.

As described above, NATIONWIDE misrepresented to Plaintiffs the scope of the damage and that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. NATIONWIDE's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

As described above, NATIONWIDE failed to make an attempt to settle Plaintiffs' claim in a fair manner, although aware of the liability to Plaintiffs under the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

As described above, NATIONWIDE failed to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

As described above, NATIONWIDE failed to affirm or deny coverage within a reasonable time, and failed to submit a reservation of rights within a reasonable amount of time. Tex. Ins. Code §541.060(a)(4).

As described above, NATIONWIDE refused to pay a claim without conducting a reasonable investigation with respect to the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

NATIONWIDE failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the

Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Further, NATIONWIDE failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Further, NATIONWIDE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiffs' claim was presented to NATIONWIDE, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. NATIONWIDE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, NATIONWIDE actions violating the Texas Insurance Code were done "knowingly" as that term is used in the Texas Insurance Code and DTPA.

Because of NATIONWIDE's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

**A.   BREACH OF CONTRACT AGAINST NATIONWIDE**

NATIONWIDE's conduct constitutes a breach of the insurance contract between it and Plaintiffs. NATIONWIDE's failure and/or refusal, as described above, to pay Plaintiffs adequate

compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.   UNFAIR SETTLEMENT PRACTICES AGAINST NATIONWIDE**

As described above, NATIONWIDE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: Tex. Ins. Code §541.060(a). NATIONWIDE's conduct in making misrepresentation over the facts surrounding the damage, the weather, and the coverage available are also in direct violation of Tex. Ins. Code §541.061. All violations under this article are made actionable by Tex. Ins. Code §541.151.

NATIONWIDE's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

NATIONWIDE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

NATIONWIDE failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, they failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, the NATIONWIDE did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle

Plaintiffs' claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

As described above, NATIONWIDE failed to affirm or deny coverage within a reasonable time, and failed to submit a reservation of rights within a reasonable amount of time. Tex. Ins. Code §541.060(a)(4).

NATIONWIDE's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS AGAINST NATIONWIDE

NATIONWIDE's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

NATIONWIDE's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

NATIONWIDE's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

NATIONWIDE's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code

8

§542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

NATIONWIDE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

NATIONWIDE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by NATIONWIDE as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of NATIONWIDE's mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs

is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times the actual damages. Tex. Ins. Code §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as the applicable interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.
## ADDITIONAL DAMAGES

In addition, as to any exclusion, condition, or defense pled by NATIONWIDE, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by NATIONWIDE violates the Texas Insurance Code section 541 etc. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, NATIONWIDE is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that NATIONWIDE provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO NATIONWIDE

1) Produce the NATIONWIDE's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which NATIONWIDE opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between NATIONWIDE, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the NATIONWIDE's possession for the Plaintiffs /insured and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which NATIONWIDE opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

11

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief over $200,000 but not more than $1,000.000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that NATIONWIDE be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against NATIONWIDE for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the NATIONWIDE, to which Plaintiffs may be justly entitled.

[THIS SPNATIONWIDE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

**CROWELL & KUCERA, PLLC**
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone: (512) 870-7099
Facsimile: (512) 388-9520


BY: /s/ *Benjamin R. Crowell*
    BENJAMIN R. CROWELL III
    State Bar No. 24087360
    ben@ck-firm.com
    BRENNAN M. KUCERA
    State Bar No. 24076491
    brennan@ck-firm.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFFS REQUEST A TRIAL BY JURY**



**MARILYN BURGESS**

HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL

7018 1130 0002 1905 3908

neopost
12/17/2019
US POSTAGE $007.75⁹

FIRST-CLASS MAIL

ZIP 77002
041M12252396

Nationwide General Insurance Company
C/O Corporation Service Company
211 E. 7th Street
Austin, Texas 78701